**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

IN RE:
QUEEN ESTHER WALKER
                    DEBTOR

CASE NO.  18-80934
CHAPTER 13

**AMENDED OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN**

**NOW COMES** Wells Fargo Bank, N.A. ("Creditor"), a secured creditor in the above-captioned case, by and through counsel, Brock and Scott, PLLC, and hereby objects to confirmation of the Chapter 13 Plan, and respectfully shows the Court:

1. On December 20, 2018 (the "Petition Date"), Queen Esther Walker (the "Debtor"), filed a petition with the Bankruptcy Court for the Middle District of North Carolina under Chapter 13 of Title 11 of the United States Code (the "Code").

2. As of the Petition Date, Creditor was holder of a secured claim based upon the following:

    a. That certain Promissory Note secured by the Deed of Trust from the Debtor in the original principal amount of $47,800.00 and dated September 30, 1993 ("Note").

    b. That certain Deed of Trust recorded in the Durham County Register of Deeds in Book 1899 at Page 91 and recorded on September 30, 1993 ("Deed of Trust"), by which all amounts owed under the Note are secured by that certain real property described therein and located at 2527 Vesson Avenue, Durham, NC 27707 (the "Real Property").

3. On or about February 27, 2019, Creditor filed a Proof of Claim docketed as Court Claim No. 2, indicating a secured claim amount of $38,730.27 as of the Petition Date (the "Claim").

4. On or about April 26, 2019, a Chapter 13 Plan (Doc No.: 38) (the "Proposed Plan"), was filed.

5. The Creditor objects to confirmation of the Proposed Plan, as the Proposed Plan fails to meet the requirements for confirmation under 11 U.S.C. § 1325(a) as follows:

    a. The Proposed Plan does not fully treat Creditor's Claim under the terms of the Note and Mortgage.

    b. Upon information and belief, the Debtor entered into a Loan Modification Agreement with Creditor, dated September 5, 2013 (the "Modification). Based on the

Modification, the new maturity date for the loan is September 1, 2053. Attached hereto as "Exhibit A" is a copy of the Modification.

c. Creditor objects to Debtor's proposed valuation of the Property at $25,000.00.

d. Upon information and belief from the Proposed Plan, the "home is currently not inhabitable and is in need of substantial renovation and repairs." As such, Creditor has requested permission from Debtor's counsel to obtain an interior appraisal of the Property and the Parties are attempting to facilitate same. Creditor anticipates that an appraisal will be completed prior to the scheduled hearing on the matter.

e. Upon information and belief, the loan is currently escrowed for property taxes and hazard insurance. In the event the Debtor is permitted to cramdown the loan, the Proposed Plan appears to provide for treatment for the property taxes but does not provide for payment of Debtor's hazard insurance moving forward.

**WHEREFORE**, the Creditor prays the Court as follows:

1. Set this matter for hearing at a date and time later to be determined by the Court; or

2. Require the Proposed Plan be modified to provide for the proper treatment of Creditor's Claim; and

3. For such other and further relief that the Court may deem necessary and proper.

This, the 5th day of July, 2019

/s/ Melissa Swaby
Melissa Swaby (N.C. Bar No. 48101)
Attorneys for Creditor
8757 Red Oak Blvd, Suite 150
Charlotte, NC 28217
704-369-0676 x1147
ncbkr@brockandscott.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

IN RE:
QUEEN ESTHER WALKER                    CASE NO.  18-80934
              DEBTOR            CHAPTER 13

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the AMENDED OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN in the above captioned case were this day served upon the below named persons by electronic service and/or mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

Queen Esther Walker
105 W. Channing Ave Apt E8
Durham, NC 27704

John T. Orcutt
6616-203 Six Forks Rd.
Raleigh, NC 27615
*Served via CM/ECF*

Richard M. Hutson, II
3518 Westgate Drive
Suite 400
Durham, NC 27707
*Served via CM/ECF*

William P. Miller, Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

This 5th day of July, 2019.

                               /s/ Yajaira Vazquez
                               Yajaira Vazquez
                               8757 Red Oak Blvd, Suite 150
                               Charlotte, NC 28217
                               Ph: (704) 369-0676
                               Fax: (704) 369-0760

EXHIBIT A
LOAN MODIFICATION

Document Type:      **50363** - Note And Security Instrument Modification

Deal / App ID:      Not Available

107

Prod Request ID:    Not Available

Loan Number:     ███████████      705

Last Name:      **WALKER**

First Name:      **QUEEN**

Object ID:      950078925

Printed:    10/07/2013 08:04:32 AM



COPY

_____ [Space Above This Line For Recording Data] _____

## LOAN MODIFICATION AGREEMENT
### Loan Number: |▮▮▮▮▮▮6705

**09/30/1993**

This Loan Modification Agreement ("Agreement"), made as of **9/5/2013**, between: **QUEEN ESTHER WALKER** ("Borrower") and **Wells Fargo Bank, N.A.** ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated  and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

2527  VESSON AVE
DURHAM, NC 27707-1436

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):



1. As of **09/01/2013**, the amount payable under the Note and the Security Instrument (the "New·Principal Balance") is U.S. **$36,607.15** consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Interest at the rate of **7.000%** will begin to accrue on the New Principal Balance as of **09/01/2013** and the first new monthly payment on the New Principal Balance will be due on **10/01/2013**. The new Maturity Date will be **9/1/2053**. My payment schedule for the Modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|----------------------------|----------------------------------------|-------------------------------|-----------------------|-------------------|----------------------------|
| 1-40 | 7.000 | 09/01/2013 | $227.49 | 157.26 adjusts annually after 1 year | 384.75 adjusts annually after 1 year | 10/01/2013 | 480 |

3. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for·any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

6. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.   If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

7. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow ·items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

8.    Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(e) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(f) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(g) If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure.

(h) In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

_Queen Esther Walker_ _September 23 2013_
_____
QUEEN ESTHER WALKER          Date

_____
                                     Date

_____
                                     Date

_____
                                     Date

_Pang Xiong_  _10/4/13_        **Pang Xiong**
_____  ~~Vice President Loan Documentation~~
Wells Fargo Bank, N.A., Officer/Date


_____ [Space below This Line For Acknowledgments] _____

2330322-1